**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT COLUMBUS**

| | | |
|---|---|---|
| GERALD K. SMITH, | : | Case No. 2:24-cv-02620 |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | District Judge Michael H. Watson |
| | : | Magistrate Judge Caroline H. Gentry |
| | : | |
| D. HOGAN, *et. al.*, | : | |
| | : | |
| Defendants. | : | |

---

**REPORT AND RECOMMENDATION**
**AND ORDER**

---

Gerald K. Smith recently filed a Complaint under 42 U.S.C. § 1983 with this Court. (Doc. No. 1-1.) He asserts that his rights were violated by a prison order prohibiting inmates from using the toilet during certain time periods. (*Id*.) Plaintiff Smith is proceeding in the case *in forma pauperis* and without the assistance of counsel.

The matter is currently before the undersigned United States Magistrate Judge to screen the Complaint and determine whether it, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (screening required where plaintiff proceeds *in forma pauperis*); 28 U.S.C. § 1915A (screening required where "a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity").

In the Complaint, Plaintiff alleges that D. Hogan, Chief of Security at London Correctional Institution ("LoCI"), posted an order "deny[ing] all inmates access to toilets 'after dorm count had already been cleared by the count office.'" (Doc. No. 1-1 at PageID 14, 16.) Plaintiff was allegedly denied access to toilets and washbasins on 40 or more occasions from 2018 to 2022, which caused him so much pain that he soiled himself. (*Id.* at PageID 17.) Plaintiff further alleges that LoCI Warden Norman Robinson, Deputy Warden Stanley Taylor, Unit Manager J. Condrac, and Inspector DeCarlo Blackwell all knew or should have known that Hogan's order violated the law and prison policy but did not act to abolish it. (*Id.* at PageID 16.) For relief, Plaintiff seeks monetary damages from each of these Defendants. (*Id.* at PageID 17.)

At this early stage in the proceedings, without the benefit of an answer or other briefing, the undersigned concludes that Plaintiff's primary claim—his Eighth Amendment claim against Defendant Hogan in his individual capacity—may **PROCEED** to further development. The undersigned expresses no opinion on the merits of this claim or whether there may be defenses or procedural bars that will prevent him from ultimately obtaining relief.

To move this part of the case forward, Plaintiff is **ORDERED** to complete and submit a new summons form and U.S. Marshal form *for Defendant Hogan only* **within thirty days**. He must include his own address as plaintiff in the space provided on the summons form. (*Cf.* Doc. Nos. 1-3 and 1-4 (listing all named defendants together on one form and omitting Plaintiff's address from the summons form).) The Court will provide these forms. Once Plaintiff completes and returns these forms to the Court, the United

2

States Marshal Service is **DIRECTED** to serve a copy of the Summons, the Complaint, and this Order on Defendant Hogan. The costs of service shall be advanced by the United States. If Plaintiff fails to provide the completed forms **within thirty (30) days** from the date this decision is filed, his case may be dismissed for failure to prosecute.

The undersigned recommends only that Plaintiff's claim against Defendant Hogan in his individual capacity be permitted to proceed to further development. Plaintiff's remaining claims, i.e., those asserted against all Defendants in their official capacities, and those against the other four Defendants as supervisors, should be **DISMISSED**.

### Official Capacity Claims for Damages

Claims for monetary damages against state employees or officials *in their official capacities* are barred by the Eleventh Amendment to the United States Constitution. *Maben v. Thelen*, 887 F.3d 252, 270 (6th Cir. 2018). The Eleventh Amendment "denies to the federal courts authority to entertain a suit brought by private parties against a state without its consent." *Id*. at 270 (quoting *Ford Motor Co. v. Dep't of Treasury of Indiana*, 323 U.S. 459, 464 (1945)). The state's immunity also "extends to state officials sued in their official capacity" for monetary damages. *Smith v. DeWine*, 476 F. Supp. 3d 635, 650-51 (S.D. Ohio 2020). This is "because 'a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. . . . As such, it is no different from a suit against the State itself.'" *Zakora v. Chrisman*, 44 F. 4th 452, 474 (6th Cir. 2022) (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 63-64, 71 (1989) (citations omitted)). *See also Monell v. Dep't of Soc. Services*, 436 U.S. 658, 690 n.55 (1978) (holding that "neither a State nor its officials

acting in their official capacities are 'persons'" who may be held liable for constitutional violations in a § 1983 action).

Here, Plaintiff alleges that Defendants are state officials or employees affiliated with LoCI, a correctional institution run by the Ohio Department of Rehabilitation and Correction ("ODRC"). (Doc. No. 1-1 at PageID 14-15.) All claims for monetary damages (*see id.* at PageID 17) against them *in their official capacities* are barred by the Eleventh Amendment and should be dismissed. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(2) (requiring dismissal of a complaint that seeks monetary relief against a defendant who is immune from that relief).

## Supervisory Liability

Plaintiff's allegations against Defendants Robinson, Taylor, Condrac and Blackwell (collectively the "Supervisor Defendants") fail to state a claim on which relief may be granted. Plaintiff alleges that the Supervisor Defendants "are members of the administration department . . . in a position superior to defendant D. Hogan, who is a member of prison security." (Doc. No. 1-1 at PageID 16.) Plaintiff alleges that these Defendants "took no action whatsoever" with respect to Hogan's order, even though they "knew or should have known [that the] order was in direct violation of clearly established policies and [the] U.S. Constitution." (*Id.*) Plaintiff asserts that although these Defendants were not "the primary actor," they knew that Hogan's order violated ODRC's policies and the law. (*Id.* at PageID 17.) Plaintiff also asserts that when these Defendants failed to object to Hogan's order, "they became personally involved" in the violation. (*Id.*)

Given Plaintiff's allegation that the Supervisor Defendants were in a superior position over Defendant Hogan, he appears to sue them based on supervisory liability. (Doc. No. 1-1 at PageID 16-17.) On its own, this alleged fact is insufficient to hold them liable. *Peatross v. City of Memphis*, 818 F.3d 233, 241 (6th Cir. 2016) (citing *Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006) ("[A] supervisor cannot be held liable simply because he or she was charged with overseeing a subordinate who violated the constitutional rights of another"). As a matter of law, the Supervisor Defendants "cannot be held liable under section 1983 on a respondeat superior or vicarious liability basis." *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) (quoting *Harvey v. Harvey*, 949 F.2d 1127, 1129-30 (11th Cir. 1992)).

Instead, "individuals sued in their personal capacity under § 1983 are liable only for their own unconstitutional behavior." *Hollis v. Erdos*, 480 F. Supp. 3d 823, 833 (S.D. Ohio May 12, 2020) (citing *Murphy v. Grenier*, 406 F. App'x 972, 974 (6th Cir. 2011)); *see also Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008) (citing *Miller v. Calhoun County*, 408 F.3d 803, 817 n. 3 (6th Cir. 2005)) ("Because § 1983 liability cannot be imposed under a theory of respondeat superior, proof of personal involvement is required for a supervisor to incur personal liability."). The Sixth Circuit has "long held that supervisory liability requires some 'active unconstitutional behavior' on the part of the supervisor." *Peatross*, 818 F.3d at 241-42 (quoting *Bass v. Robinson,* 167 F.3d 1041, 1048 (6th Cir. 1999) and citing *Hays v. Jefferson Cty.,* 668 F.2d 869, 873-74 (6th Cir. 1982) (A "mere failure to act (even) in the face of a statistical pattern of incidents of misconduct" is not sufficient to confer liability)). "Put differently, the failure to supervise

5

is only actionable if 'the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it.'" *Graves v. Malone*, 810 F. App'x 414, 420 (6th Cir. 2020) (quoting *Peatross*, 818 F.3d at 242 (citing *Shehee v. Luttrell*, 199 F. 3d 295, 300 (6th Cir. 1999))).

To establish supervisory liability, "at a minimum, the plaintiff must show that the defendant at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Graves,* 810 F. App'x at 420 (6th Cir. 2020) (cleaned up and citations omitted). Plaintiff has not pled facts that would show supervisory liability. Plaintiff does not allege that the Supervisor Defendants encouraged or directly participated in Hogan's alleged actions. He has not alleged any direct action by these Defendants. Instead, Plaintiff relies solely on their status and his view that they knew or should have known about Hogan's violation. But these facts by themselves cannot establish liability. *See Peatross*, 818 F.3d at 241-42. And although Plaintiff made a conclusory allegation that the Supervisor Defendants were "personally involved" in Hogan's violation (Doc. No. 1-1 at PageID 17), the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). No *factual* allegations in the Complaint explain when or how the Supervisor Defendants were personally involved in the alleged violation.

Accordingly, Plaintiff has not stated a Section 1983 claim based on supervisory liability against Defendants Robinson, Taylor, Condrac and Blackwell. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) (requiring dismissal of any part of a complaint that

fails to state a claim). Plaintiff's claims against them in both their official and individual capacities should therefore be dismissed, and they should be dismissed from this case.

### SUMMARY AND CONCLUSION

The undersigned will **ALLOW** Plaintiff Smith's Eighth Amendment claim against Defendant Hogan in his individual capacity to **PROCEED** at this time. The <u>Clerk of Court</u> is **DIRECTED** to send Plaintiff one blank summons form and U.S. Marshal form. Plaintiff must complete these forms for Defendant Hogan only and return them **within thirty days**. Service shall then issue as directed above.

The undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's remaining claims, including any official capacity claims for damages, and any claims based upon supervisory liability that are asserted against Defendants Robinson, Taylor, Condrac, and Blackwell. *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Therefore, these Defendants should be **DISMISSED** from this case.

Plaintiff may file objections to this Report and Recommendation in the manner described at the end of this opinion. He is **ADVISED** that he must keep this Court informed of his address while this case is pending and promptly file a Notice of New Address if he is transferred or released.

    **IT IS SO ORDERED AND RECOMMENDED.**

 

               */s/ Caroline H. Gentry*
               Caroline H. Gentry
               United States Magistrate Judge

**<u>Notice Regarding Objections to this Report and Recommendations</u>**

If any party objects to this Report and Recommendations ("R&R"), the party may serve and file specific, written objections to it **<u>within fourteen days</u>** after being served with a copy thereof. Fed. R. Civ. P. 72(b). All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections. The Court may extend the fourteen-day objections period if a timely motion for an extension of time is filed.

A District Judge of this Court will make a de novo determination of those portions of the R&R to which objection is made. Upon proper objection, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also operate as a waiver of the right to appeal the decision of the District Court adopting the R&R. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).