# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| GERALD K. SMITH, | : | Case No. 2:24-cv-02620 |
| Plaintiff, | : | |
| | : | District Judge Michael H. Watson |
| vs. | : | Magistrate Judge Caroline H. Gentry |
| | : | |
| D. HOGAN, *et. al.*, | : | |
| | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

This civil rights case is before the Court on Plaintiff Smith's recent Motion asking this Court to issue a temporary restraining order ("TRO") or preliminary injunction to London Correctional Institution ("LCI") and/or the Ohio Department of Rehabilitation & Correction ("ODRC"). (Doc. No. 46.) In the Motion, Plaintiff expresses concern about how mail to him from the Court is being handled at LCI under a new ODRC policy affecting legal mail. (*Id*.)

Specifically, Plaintiff complains about a policy that requires incoming legal mail to be treated in a new way at certain institutions. He attaches a document containing the following policy language:

VI.B Legal Mail Procedures

1. Legal mail will be opened in the presence of the Incarcerated Person by a mailroom staff member or warden's designee in the designated legal mail area.

2. If anything is found to be suspicious, or needs further investigation, the entire document and the envelope will be confiscated. See section C for procedures concerning suspected contraband.

3. If the legal mail does not appear suspicious, or does not need further investigation, a designate staff member will proceed as follows:

    i. The staff member will copy the document in the presence of the Incarcerated Person using the designated legal mail copier with no memory capability and allow the Incarcerated Person to review the copy to ensure it contains the same number of pages as the original document.

    ii. If the Incarcerated Person acknowledges that the copy contains the correct number of pages and is legible, the Incarcerated Person shall sign the Legal Mail Log (DRC2632) acknowledging that they were shown the original legal mail [and] took possession of the copy. No additional copies will be made.

    iii. Once the Incarcerated Person accepts the copy, the original document will be shredded in the presence of the Incarcerated Person using the designated legal mail shredding equipment.

    iv. If the Incarcerated Person disputes that the copy matches the original, staff will check to see if an error was made, and if so, correct it.

    v. If the Incarcerated Person refuses to sign and acknowledge accepting the copy of the legal mail after any corrections have been made, the copy shall be shredded, and the original legal mail confiscated. The confiscated legal mail shall be returned to sender with "refused to accept delivery" placed on the outside of the envelope.

(Doc. No. 46 at PageID 253-254.)[1]

---

[1] Much of this language appears to have been included in ODRC Policy No. 75-MAL-03, titled Incarcerated Population Legal Mail, effective September 23, 2025. A copy is currently available online at https://drc.ohio.gov/about/resource/policies-and-procedures/75-mal-incarcerated-person-mail-and-printed-materials/incarcerated-population-legal-mail (last visited September 29, 2025). Notably, this Policy also states that: "All mail bearing a valid return address of a federal court shall be treated as legal mail. Federal court mail does not need a control number to be processed as legal mail."

Instead of receiving a copy, as required by the new policy, Plaintiff wants to receive the original legal mail or have the option to send it home. (Doc. No. 46 at PageID 249.) Plaintiff asks that the Court order "ODRC to stop hindering Plaintiff from receiving Legal Mail" and to "please issue another Order regarding legal mail, stating that my Matrix/original documents should not be destroyed and that I should be allowed to have them and or if copied, I should be able to keep them after inspection." (*Id*. at PageID 250.) For the following reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court **DENY** Plaintiff's Motion.

**First**, this case, Case No. 2:24-cv-02620, does not concern legal mail. This case concerns Plaintiff's allegations that he was repeatedly denied access to toilets and washbasins. (*See* Second Amended Complaint, Doc. No. 21.) A TRO or preliminary injunction is generally not appropriate to address issues unrelated to the facts and claims alleged in the complaint:

> "[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994). This is because "[t]he purpose of interim equitable relief is to protect the movant, during the pendency of the action, from being harmed or further harmed in the manner in which the movant contends [he] was or will be harmed through the illegality alleged in the complaint." *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997).

*Berryman v. Stephenson*, No. 2:21-cv-10925, 2023 WL 8788785, at *6 (E.D. Mich. Aug. 30, 2023), *report and recommendation adopted,* 2025 WL 2496393 (E.D. Mich. Aug. 29, 2025) (denying TRO in part "because his complaint made no mention of withholding of

3

medical treatment for his eye, he cannot use a PI or TRO as a mechanism to obtain relief" on that issue).

Here, Plaintiff's Second Amended Complaint does not address how legal mail is treated under ODRC policy. (*See* Doc. No. 21.) It is not clear that the policy Plaintiff challenges even existed at the time that complaint was submitted. (*Compare id*. at PageID 137 [complaint verified on March 14, 2025] *with* TRO Motion, Doc. No. 46 at PageID 252 [attaching ODRC policy variance request, effective June 1, 2025].) Even if the policy did exist, there is no apparent link between the issue raised in the Motion and the question of whether Defendants violated Plaintiff's rights by refusing him access to restrooms.

**Second**, neither LCI nor ODRC—the entities that Plaintiff wants to enjoin—are parties to this case. While an injunction may bind persons other than parties in some instances, *see* Fed. R. Civ. P. 65(d)(2), it "ordinarily cannot be imposed on a non-party that has not had the opportunity to contest its liability." *Dates v. HSBC*, 721 F. Supp. 3d 616, 625 (S.D. Ohio 2024) (quoting *Terves LLC v. Yueyang Aerospace New Materials Co.*, No. 1:19-cv-1611, 2022 WL 2834743, at *3 (N.D. Ohio July 20, 2022)). Here, nothing in Plaintiff's Motion provides any justification for granting a TRO or injunction against non-parties.

**Third**, Plaintiff has not shown he is entitled to the extraordinary relief of a TRO/preliminary injunction under the relevant standards. *See Stinson's Indus. Maint., Inc. v. PMC Grp. N.A., Inc.*, No. 2:22-cv-2253, 2022 WL 1509134, at *2 (W.D. Tenn. May 12, 2022) (quoting *Overstreet v. Lexington-Fayette Urban Cty. Gov't*, 305 F.3d 566,

4

573 (6th Cir. 2002)) ("Like a preliminary injunction, a TRO 'is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it.'"). Plaintiff has not substantively dealt with the relevant factors to be balanced[2] beyond a cursory nod to them. (Doc. No. 46 at PageID 250 [alleging "immediate and irreparable injury, loss, and damage" and asserting that it would cost the ODRC nothing to allow legal mail into LCI].) And entering another order about court mail would change, rather than maintain, the status quo. *Procter & Gamble Co. v. Bankers Tr. Co.*, 78 F.3d 219, 226 (6th Cir. 1996) (noting that the purpose of a TRO is "to preserve the status quo so that a reasoned resolution of a dispute may be had.").

**Fourth**, Plaintiff appears to be contributing to the injury he complains about. He asserts in his Motion that the ODRC is "hindering [him] from receiving Legal Mail" and that he needs to know what is happening in this case. (Doc. No. 46 at PageID 248, 250.) But Plaintiff also admits that he has **refused** to accept such mail from the Court, because he would prefer to have originals rather than copies. (*See id*. at PageID 249 ["The Warden then said he would check to see if I could at least send my original documents home, but to follow the new procedure for now. So I did and refused to accept the legal

---

[2] In determining whether to grant or deny injunctive relief, the Court must consider four factors: (1) whether the movant has shown a strong or substantial likelihood of success on the merits; (2) whether the movant will suffer irreparable injury without an injunction; (3) whether issuance of an injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of an injunction. *Liberty Coins, LLC v. Goodman*, 748 F.3d 682, 689-90 (6th Cir. 2014); *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (citing *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000)). "These factors are not prerequisites which must be met, but are interrelated considerations that must be balanced together." *Northeast Ohio Coal. for Homeless*, 467 F.3d at 1010 (quoting *Mich. Coal of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991)).

mail on the condition that they would shred it once copied."]; *see also* Doc. Nos. 45, 48, 49, 50 [reflecting that mail from the Court to Plaintiff was returned because it was "Refused by Inmate"].) It thus appears that Plaintiff's refusal to accept copies of mail from this Court is the primary reason he lacks information about the status of the case. (*See* Doc. No. 46 at PageID 250.)

**Finally**, although Plaintiff purports to be seeking injunctive relief, he may simply be seeking to enforce an Order issued earlier in this case, which he says conflicts with the new policy. (Doc. No. 46 at PageID 250 ["this is contradictory to your initial Order . . ."].) In October 2024, the undersigned ordered that mail from this Court to this Plaintiff in this case be treated as legal mail:

> In order to manage the case in a timely and efficient manner, the undersigned United States Magistrate Judge hereby **ORDERS** that mail from this Court addressed to Plaintiff in this case is legal mail under *Sallier v. Brooks*, 343 F.3d 868, 877 (6th Cir. 2003). *See generally Vinson v. Brown*, No. 2:23-cv-80, 2024 U.S. Dist. LEXIS 4128 (S.D. Ohio Jan. 8, 2024) (discussing the "legal mail" issue). The Ohio Department of Rehabilitation and Correction is **ORDERED** to treat the Court's mail to Plaintiff in this case as legal mail regardless of whether it bears a "control number."

(Doc. No. 5 at PageID 53.) This Order does not differentiate between copies and originals of documents. (*Id*.)

Because the earlier Order does not specifically address the original/copies issue Plaintiff has raised; because the merits of the new policy are not before the Court in this case; because there has been no briefing on the substance of the policy or argument on the relevant factors under Rule 65; because the LCI and ODRC are not parties to this action, and for the other reasons cited above, the undersigned Magistrate Judge concludes

6

that the requested extraordinary relief should not be granted. The undersigned therefore **RECOMMENDS** that the Court **DENY** Plaintiff's Motion for a TRO or preliminary injunction. (Doc. No. 46.)

The Clerk of Court is **DIRECTED** to mail to Plaintiff a copy of the following documents, which his Motion suggests he may not have received:

1. ORDER CONCERNING MAIL FROM THIS COURT, Doc. No. 5;

2. ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE SURREPLY TO DEFENDANTS' MOTIONS TO DISMISS, Doc. No. 41;

3. ORDER, Doc. No. 42; and

4. A print-out of the docket.

Plaintiff may file objections to this Report and Recommendation in the manner described at the end of this opinion. He is **ADVISED** that he must keep this Court informed of his address while this case is pending and promptly file a Notice of New Address if he is transferred or released.

**IT IS SO RECOMMENDED.**

                                          */s/ Caroline H. Gentry*
                                          Caroline H. Gentry
                                          United States Magistrate Judge

**Notice Regarding Objections to this Report and Recommendations**

If any party objects to this Report and Recommendations ("R&R"), the party may serve and file specific, written objections to it **within fourteen (14) days** after being served with a copy thereof. Fed. R. Civ. P. 72(b). All objections shall specify the

portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections. The Court may extend the fourteen-day objections period if a timely motion for an extension of time is filed.

A District Judge of this Court will make a de novo determination of those portions of the R&R to which objection is made. Upon proper objection, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also operate as a waiver of the right to appeal the decision of the District Court adopting the R&R. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).