UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| GERALD K. SMITH, | : Case No. 2:24-cv-02620 |
| Plaintiff, | : |
| vs. | : District Judge Michael H. Watson |
| | : Magistrate Judge Caroline H. Gentry |
| D. HOGAN, *et. al.*, | : |
| Defendants. | : |

### REPORT AND RECOMMENDATION

Plaintiff Gerald Smith filed this civil rights lawsuit in May 2024. (Doc. No. 1.) He is currently incarcerated and proceeding without the assistance of counsel.

In September 2025, Plaintiff began refusing to accept this Court's mail. (*See* Doc. No. 45.) He explained that he did so because of a change in the legal mail policy at his correctional institution and asked this Court to intervene to change how the institution handled his mail. (*See* Motion for Temporary Restraining Order, Doc. No. 46.) The Court declined. (Report & Recommendation, Doc. No. 51; Order Adopting Report & Recommendation, Doc. No. 84 [denying TRO].) Plaintiff's objection—in general terms—was that under the new legal mail policy, he would receive *copies* of this Court's mail to him, rather than the original documents.[1] (Doc. Nos. 46, 51.) Finding this to be unacceptable, Plaintiff refused to accept his mail, and it was returned to the Court. (*Id.*)

---

[1] Plaintiff provided a copy of the new legal mail policy with his Motion for TRO. (*See* Doc. No. 46 at PageID 252-54.) The policy also appears in ODRC Policy No. 75-MAL-03, "Incarcerated Population Legal Mail," effective September 23, 2025 and available on the ODRC's website at

After several pieces of mail were returned with a notation that Plaintiff had "refused" them (*see* Doc. Nos. 48, 49, 50, 63, 64, 65, 66, 68, 71), the undersigned issued an Order Concerning Refused Mail. (Doc. No. 72.) The Order warned Plaintiff:

> Plaintiff's refusal and return of the Court's mail wastes judicial resources and delays resolution of the case. Plaintiff is **ADVISED** that the undersigned will not consider Plaintiff's refusal to accept Court mail as good grounds for a motion seeking additional time in the future. He is **WARNED** that the continued refusal of Court mail may lead to the dismissal of his case for failure to prosecute. Fed. R. Civ. P. 41(b).

(Doc. No. 72 at PageID 331.) The November 5, 2025 Order also gave Plaintiff the option of providing a different address for mail, and noted that "[a]s Plaintiff is aware, his family may review case documents on the Court's online docket." (*Id.*) Further, "[t]o ensure that this Order reaches Plaintiff," the Court directed that an additional courtesy copy of the Order be mailed to Plaintiff at the non-legal mail address for incarcerated persons at his institution. (*Id.*)

Despite these efforts, Plaintiff continued to refuse the Court's mail. To date, he has refused to accept mail from the Court at least eighteen times. (*See* Doc. Nos. 45, 48, 49, 50, 63, 64, 65, 66, 68, 71, 74, 77, 82, 83, 85, 86, 87, 88.) As a result, he has failed to respond to two dispositive motions. (Defendant Blackwell's Motion for Judgment on the Pleadings, Doc. No. 70; Defendant Taylor's Motion to Dismiss, Doc. No. 78.) His last filing in this case occurred nearly two months ago, on October 28, 2025. (*See* Doc. No. 61.) Under the circumstances, the undersigned concludes that Plaintiff has stopped participating in this case and has failed to prosecute his claims.

---

https://drc.ohio.gov/about/resource/policies-and-procedures/75-mal-incarcerated-person-mail-and-printed-materials/incarcerated-population-legal-mail (last visited December 19, 2025).

"Courts are authorized to dismiss a case if the plaintiff stops participating in or 'prosecuting' it." *Johnson v. Chambers-Smith*, No. 2:22-cv-2455, 2024 U.S. Dist. LEXIS 217459, at *2-3 (S.D. Ohio Dec. 2, 2024), *report and recommendation adopted*, 2024 U.S. Dist. LEXIS 230709 (S.D. Ohio Dec. 20, 2024). Rule 41(b) of the Federal Rules of Civil Procedure "permits the court to involuntarily dismiss an action if a plaintiff fails to prosecute his case or to comply with a court order." *Rogers v. City of Warren*, 302 F. App'x 371, 375 & n.4 (6th Cir. 2008). "District courts also have the inherent power to *sua sponte* dismiss civil actions for want of prosecution [in order to] to manage their own affairs [and] achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962); *see also Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (quoting *Knoll v. AT&T*, 176 F.3d 359, 363 (6th Cir. 1999) ("This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties.").

When deciding whether dismissal is appropriate under Rule 41(b), the Court considers four factors:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer,* 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363). No single factor is dispositive. *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001).

"To support a finding that a plaintiff's actions were motivated by willfulness, bad faith, or fault under the first factor, the plaintiff's conduct 'must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings.'" *Schafer*, 529 F.3d at 737 (quoting *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005). Plaintiff's actions here demonstrate a reckless disregard. Plaintiff acknowledged that his refusal to accept his mail was interfering with his ability to litigate this case. (*See* Doc. No. 54 at PageID 287 ["Plaintiff has been forced to send his legal mail back to the Court … Plaintiff does not know what has been sent by the Courts since early September and so he needs to be able to research and figure out the alternative to be able to respond to the Courts as he is at a standstill."]; Doc. No. 61 at PageID 308 ["Plaintiff has been unable to see what the Court is Ordering, Ruling, Finding and or Judging. … he is still somewhat at an impasse."].) But despite knowing that his refusal to accept the Court's mail made him unable to proceed with this litigation, Plaintiff continued to refuse to accept the Court's mail. This factor weighs in favor of dismissal.

The second factor—whether Defendants are prejudiced by Plaintiff's conduct— also weighs in favor of dismissal. "As a general matter, defendants are prejudiced when a case filed against them is unduly prolonged by a plaintiff's failure to respond to their dispositive motions or otherwise to prosecute the matter." *Reigelsperger v. Polaris Indus., Inc.*, No. 3:25-cv-148, 2025 WL 3473285, at *1 (S.D. Ohio Dec. 3, 2025), *report and recommendation adopted* (S.D. Ohio Dec. 19, 2025). Here, Defendants have continued to defend against Plaintiff's claims despite his lack of participation. (*See, e.g.,* Doc. Nos. 60, 69 [Defendant Blackwell's Answer and Amended Answer]; Doc. No. 70

4

[Defendant Blackwell's Motion for Judgment on the Pleadings]; Doc. No. 78 [Defendant Taylor's Motion to Dismiss].) To allow the case to continue against them while Plaintiff refuses to participate in it would further prejudice Defendants.

With respect to the third factor, the Court explicitly warned Plaintiff "that the continued refusal of Court mail may lead to the dismissal of [the] case for failure to prosecute" under Fed. R. Civ. P. 41(b). (Doc. No. 72 at PageID 331.) The fact that Plaintiff refused to accept the Order so advising him (*see* Doc. Nos. 82, 85) does not prevent dismissal. *See Amison v. Legg*, No. 5:14-cv-987, 2015 WL 853526, at *3 (N.D. Ohio Feb. 26, 2015) ("While the return of the Order to the Court may raise concerns over whether Plaintiff was in fact warned of the possibility of dismissal, the failure of delivery of the Order to Plaintiff is the result of Plaintiff's failure to notify the Court of his current, valid mailing address. Further, the Court took steps to warn Plaintiff of the consequences of his failure to act and did so in a publicly filed Order. Thus, even though the … Order may not have been received by Plaintiff, that fact should not weigh against dismissal for failure to prosecute."); *see also Yeschick v. Mineta*, 675 F.3d 622, 629 (6th Cir. 2012) ("parties have an affirmative duty to monitor the dockets to keep apprised of the entry of orders") (citation omitted).

As to the fourth factor—whether less drastic sanctions were imposed or considered before dismissal was ordered—the undersigned notes that the Court explicitly warned Plaintiff of the possibility of dismissal and endeavored to send him that warning by all available avenues, without success. Dismissal is thus the appropriate sanction.

5

Accordingly, the undersigned Magistrate Judge **RECOMMENDS** that the Court **DISMISS** this case for failure to prosecute. The undersigned further **RECOMMENDS** that the Court **CERTIFY** that an appeal of any order adopting this Report and Recommendation would not be taken in good faith and therefore **DENY** Plaintiff leave to appeal *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Plaintiff may file Objections to these recommendations as discussed in the Notice below. He is again reminded that he must keep this Court informed of his current address and promptly file a Notice of New Address if he is released or transferred.

**IT IS SO RECOMMENDED.**

                         */s/ Caroline H. Gentry*
                         Caroline H. Gentry
                         United States Magistrate Judge

## Notice Regarding Objections to this Report and Recommendations

If any party objects to this Report and Recommendations ("R&R"), the party may serve and file specific, written objections to it **within fourteen (14) days** after being served with a copy thereof. Fed. R. Civ. P. 72(b). All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections. The Court may extend the fourteen-day objections period if a timely motion for an extension of time is filed.

A District Judge of this Court will make a de novo determination of those portions of the R&R to which objection is made. Upon proper objection, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations

made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also operate as a waiver of the right to appeal the decision of the District Court adopting the R&R. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).